### SMITH *v*. LENNON *et al.*

*(Supreme Court, General Term, First Department. April 17, 1891.)*

EVIDENCE OF PARTNERSHIP.

> In an action by the assignee of a mortgage to foreclose, the mortgagor alleged equities growing out of a partnership between the assignor and himself as a defense. The mortgagor and the mortgagee purchased the property as a joint enterprise, and the mortgage was executed by the defendant to secure to the mortgagee the purchase price of the property advanced by him. The profits upon sale of the property and satisfaction of the mortgage were to be divided between the two. *Held* insufficient to establish a partnership between the parties, whereby the assignor of the mortgage would have shared with the defendant a loss arising upon the sale of the property.

Appeal from special term, New York county.

Action by John B. Smith, assignee of Arthur L. Meyer, against William F. Lennon and another to foreclose a mortgage executed by said Lennon to said Meyer. The defendant claimed that the mortgaged premises were bought by himself and the assignor, Meyer, in partnership, to be sold at a certain price, and the profits of the transaction divided between them, he executing a mortgage on the premises to secure Meyer the amount advanced by him for the purchase price; and that, the property having been sold at a loss, the same should be shared by said Meyer or his assignee. The contract between defendant and the assignor of the mortgage was as follows: "In consideration of the sum of one dollar, it is hereby understood and agreed between William F. Lennon of the city, county, and state of New York, and Arthur L. Meyer of the same place, that the said Lennon will forthwith commence to improve the two houses known as Nos. 1029 and 1031 Lexington avenue, and build extensions to same after the manner and pattern of the extension to dwelling-house No. 25 East Sixty-Fourth street; that he will complete this work in a good, solid, and substantial manner on or before the 15th day of September, 1886; and that furthermore, in consideration of said Arthur L. Meyer having advanced the purchase money for these houses, as expressed in the mortgages made by said Lennon to said Meyer, it is understood and agreed that the said Lennon will pay to the said Meyer one-quarter of all the profits realized from the sale of the said houses over and above the cost of $18,000 when completed, with extensions and all." There was a judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS and LAWRENCE, JJ.

*James Kearney*, (*Geo. W. Miller*, of counsel,) for appellants.　*A. C. Fransioli*, for respondent.

VAN BRUNT, P. J. This action was brought to foreclose a mortgage given by the defendant Lennon to one Arthur L. Meyer to secure the sum of $5,250,

and by said Meyer assigned to the plaintiff. The defendant claimed that the house upon which the mortgage was an apparent lien was bought as a joint adventure of Meyer and Lennon; that Meyer was to furnish the purchase price over and above a first mortgage upon the premises, and that the defendant Lennon was to repair the house, and Meyer was to sell it at $25,000, and the profits were to be divided in certain proportions, the bond and mortgage in suit being given simply as a voucher to Meyer for his contribution of capital in the enterprise. If the defendant Lennon has in this action established any defense which would have been available to him had this action been brought by the original mortgagee, Meyer, he can insist upon such defense against the plaintiff, the assignee of Meyer, because it is well established that the assignee of a mortgage takes it subject to all of the equities existing between the original parties thereto, and, so far as the remedies thereon are concerned, stands precisely in the shoes of his assignee. But it is not equally true that, even if there was an agreement between Lennon and Meyer to divide the profits upon a sale of the houses, they thereby necessarily became partners *inter sese.* Whatever, in respect to creditors of the enterprise, might be the effect of such an agreement, as between the parties themselves their rights and obligations were to be determined by the agreement. One party had the right to agree with the other for a loan of money for the prosecution of the enterprise, and might agree as compensation to pay a certain proportion of the profits arising therefrom without the relation of partners arising between themselves. This is the kind of agreement that the court found existed between Meyer and the defendant Lennon in the case at bar, and that no copartnership was established. It is true that Lennon swore to a partnership agreement, and that he was uncontradicted by oral testimony, but he was contradicted by all the documentary evidence in the case, by the bond and mortgage, by the agreement of May 26, 1886, and it was shown by his evidence in the case of *Lennon* v. *Stiles* that he was willing to swear to anything which he thought necessary to advance his interests, and that he could not be believed under oath. The true agreement between the parties was undoubtedly contained in the agreement of May 26th. It may be that Meyer said he could sell the house for $25,000, when finished, but it was no part of the agreement that he should not get his money back if he did not do so. The mortgage was given in order that he should do so, and when Meyer assigns the mortgage Lennon paid the interest to the mortgagee, although, if his story is correct, he was under no greater obligation to pay it than Meyer. Upon the whole case we see no reason for disturbing the conclusion of the learned judge below, and the judgment appealed from should be affirmed, with costs. All concur.